**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUTH F. APODACA,

        Plaintiff - Appellant,

    v.

CITY OF ALBUQUERQUE, doing
business as Bernalillo County
Detention Center, doing business as
Albuquerque Police Department;
MARTIN CHAVEZ, III, individually
and in his official capacity as Mayor
of the City of Albuquerque; B.
LUCERO, Officer, individually and in
his official capacity as a police officer
of the Albuquerque Police
Department,

        Defendants - Appellees.

No. 05-2008

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CIV-02-726 WD/LAM)**

Dennis W. Montoya, Montoya Law, Inc., Albuquerque, New Mexico, for the
Plaintiff - Appellant.

Kathryn Levy, Assistant City Attorney (Catherine D. Arlowe, Assistant City
Attorney, Robert M. White, City Attorney, on the brief), City of Albuquerque,
Albuquerque, New Mexico, for the Defendants - Appellees.

Before **HARTZ, McKAY,** and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

Ruth Apodaca was arrested on January 14, 2002, by Officer B. Lucero of the Albuquerque Police Department after a high-speed chase involving a car in which she was a passenger. On June 24, 2002, she filed a complaint in the United States District Court for the District of New Mexico against the City of Albuquerque, Mayor Martin Chavez III, and Officer Lucero (Defendants) under 42 U.S.C. § 1983. She alleged wrongful arrest in violation of the Fourth Amendment, as well as a number of other constitutional violations arising from the alleged wrongful arrest. On December 7, 2004, the district court granted summary judgment in favor of Defendants.

Ms. Apodaca appeals. Her only preserved argument is that the arrest was unlawful because the arresting officer did not have probable cause to arrest her for the offense with which he charged her. In particular, she has not preserved any challenge to the district court's ruling that the officer had probable cause to arrest her for other offenses. We have jurisdiction under 28 U.S.C. § 1291. Because the constitutionality of an arrest depends on the facts known by the officer, regardless of what alleged offense the officer decides to use as justification for the arrest, we affirm.

**I.**

"We review the district court's grant of summary judgment de novo, applying the same legal standard that should have been used by the district court." *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004) (internal quotation marks and brackets omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although some facts are disputed by the parties, none are material to the resolution of the case.[1]

On January 13, 2002, Ms. Apodaca, who had obtained a restraining order against her former boyfriend, Ignacio Alarcon, nevertheless accompanied him to Sam's Bar in Albuquerque. Several drinks later Ms. Apodaca told Mr. Alarcon that she wanted to go home, but he refused to let her drive. Ms. Apodaca agreed to let Mr. Alarcon drive her car, and they left the bar together. While Mr. Alarcon was driving, they began to argue. Mr. Alarcon refused to take her home and began speeding. They passed a police car, which activated its lights

---

[1]Ms. Apodaca complains that Defendants submitted no affidavits in support of their summary judgment motion. But the facts relevant to this appeal appear in sworn criminal complaints and Ms. Apodaca's complaint, answers to interrogatories, and admissions. *See* Fed. R. Civ. P. 56(c) (summary judgment should be granted on basis of pleadings, discovery responses, and affidavits).

and siren to pull them over. Instead of stopping, Mr. Alarcon engaged the police in a high-speed chase during which he attempted to ram a police car with Ms. Apodaca's car. The police eventually used tire spikes to halt the car. Mr. Alarcon jumped out of the car and unsuccessfully ran from the officers. After his capture Mr. Alarcon informed the officers that he had no license or paperwork for the car. A check of Motor Vehicle Department records revealed that his driver's license had been revoked. He was arrested and later charged with reckless driving; assault with a motor vehicle; resisting, obstructing, or evading an officer; driving without a driver's license; driving with a suspended or revoked license; driving without vehicle registration; driving an uninsured motor vehicle; and violating a restraining order.

Ms. Apodaca told the officers that she had been a hostage of Mr. Alarcon during the chase. She also informed them that she had a nonmutual restraining order that prevented Mr. Alarcon from initiating contact with her, but did not prevent her from seeing him voluntarily. According to Ms. Apodaca, she even gave the police officers a copy of the restraining order, which clearly stated that it was not mutual. Despite this information, Officer Lucero arrested Ms. Apodaca for violation of the restraining order. Ms. Apodaca was booked at 3:37 a.m. on January 14, 2002, and released on the afternoon of January 15.

Ms. Apodaca's complaint alleges wrongful arrest, excessive use of force, wrongful deprivation of property, wrongful detention, retaliation for exercise of First Amendment rights, due-process violations, and equal-protection violations. The district court granted summary judgment in favor of Defendants, ruling that Officer Lucero acted lawfully in arresting Ms. Apodaca. At oral argument in this court her attorney acknowledged that all her grounds for appeal are based on the contention that her arrest was unlawful under the Fourth Amendment to the United States Constitution.

## II.

In their motion for summary judgment, Defendants' primary argument was that even if Officer Lucero did not have probable cause to arrest Ms. Apodaca for violation of the restraining order, he had probable cause to believe that she was an accessory or aider and abettor to the various crimes committed by Mr. Alarcon while she was a passenger in the car. (Officer Lucero also raised the alternative argument that he was entitled to qualified immunity because even if his actions were unconstitutional, it was not clearly established at the time of the arrest that they were unconstitutional. *See Hunver v. Bryant*, 502 U.S. 224, 227 (1991). But that argument was mooted by the determination that the arrest was constitutional.) Ms. Apodaca did not argue that Officer Lucero lacked probable cause to arrest for those offenses. Instead, she simply argued that the "overwhelming weight of the

evidence is that [Ms. Apodaca] was arrested and held because the responsible officials thought she was in violation of a restraining order." Aplt. App. at 60. She makes substantially the same argument in her appellate briefs. The briefs do not challenge the district court's finding that Officer Lucero had probable cause to arrest Ms. Apodaca for crimes other than violation of the restraining order. They simply argue that the arrest complied with the Fourth Amendment only if he was justified in arresting her for the charged offense.

Ms. Apodaca's argument misapprehends the law. The constitutionality of an arrest does not depend on the arresting officer's state of mind. It is constitutionally irrelevant that Officer Lucero's reason for arresting her was his incorrect belief that she had violated a restraining order. All that matters is whether he possessed knowledge of evidence that would provide probable cause to arrest her on *some* ground. This proposition was recently settled in *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). *Devenpeck* held that a police officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id*. at 153. An arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as "the circumstances, viewed objectively, justify" the arrest. *Id*. (internal quotation marks omitted). "Subjective intent of the arresting officer,

*however* it is determined (and of course subjective intent is *always* determined by objective means), is simply no basis for invalidating an arrest. Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Id.* at 154-55. Accordingly, Ms. Apodaca cannot escape summary judgment by arguing only that the arrest was unconstitutional because there was no probable cause to arrest for violation of the restraining order. And her briefs on appeal do not challenge the district court's ruling that the undisputed facts establish probable cause to arrest her for other offenses.

At oral argument, counsel for Ms. Apodaca did argue that Officer Lucero lacked probable cause to arrest her for any offense. But because she failed to argue this point below, or even in her appellate briefs, we refuse to address it now. *See Walker v. Mather (In re* Walker), 959 F.2d 894, 896 (10th Cir. 1992) (failure to raise issue below); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995) (failure to raise issue in appellate briefs).[2]

_____

[2]This is not to say that we are totally comfortable with the contention that there was probable cause to arrest Ms. Apodaca as an accessory or aider or abettor. Nevertheless, it appears that at the time of the arrest Officer Lucero knew facts establishing probable cause to arrest Ms. Apodaca for a misdemeanor under N.M. Stat. Ann. § 66-5-205 (2006), which forbids the owner of a motor vehicle to "permit the operation of an uninsured motor vehicle." (Mr. Alarcon was charged with driving an uninsured motor vehicle). Ms. Apodaca's counsel acknowledged at oral argument that the lack of insurance for her car "would be attributable to her." Although he then added that the insurance violation is "not an arrrestable offense in Albuquerque," there is no Fourth Amendment impediment to such an arrest. The Supreme Court has stated that a police officer

(continued...)

## III.

Ms. Apodaca acknowledges that her appeal must fail if her arrest was constitutional. Her sole preserved challenge to her arrest is that Officer Lucero lacked probable cause to believe that she had violated a restraining order. That challenge fails because the arrest would be permitted by the Fourth Amendment if he had probable cause to arrest her for any offense. She did not challenge below or in her appellate briefs Defendants' contention and the district court's ruling that Officer Lucero had such probable cause. Therefore, we AFFIRM the judgment below.

---

[2](...continued)
may effect an arrest if the officer "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). And even if New Mexico law prohibited such an arrest, that would be irrelevant to Ms. Apodaca's constitutional claim under § 1983. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."); *United States v. Green*, 178 F.3d 1099, 1105 (10th Cir. 1999) ("[T]he fact that the arrest, search, or seizure may have violated state law is irrelevant [to whether evidence should be suppressed] as long as the standards developed under the Federal Constitution were not offended." (internal quotation marks omitted)); *United States v. Pratt*, 355 F.3d 1119, 1123 n.3 (8th Cir. 2004) (declining to overrule the circuit's precedent that "limitations on officers' arrest power imposed by state law were irrelevant to the constitutionality of a search incident to an arrest"); *United States v. Herbin*, 343 F.3d 807, 810 (6th Cir. 2003) (interpreting *Atwater* to say that the Fourth Amendment "does not prohibit an officer from making a custodial arrest for a misdemeanor traffic violation even though it is not an arrestable offense under state law").